IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **JAMES SHARPTON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | Cause No. _____ |
| | § | |
| **KRAUSE LANDSCAPE** | § | |
| **CONTRACTORS , INC.** | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

NOW COMES Plaintiff James Sharpton, (hereinafter "Sharpton" or "Plaintiff"), who complains of Defendant Krause Landscape Contractors, Inc. (hereinafter "Krause Landscape" or "Defendant"), alleges and states as follows:

### INTRODUCTION

1. This case if brought under the Fair Labor Standards Act, 29 U.S.C. § 20, et. seq. ("FLSA"). Defendant is a lawn care service company that employed Plaintiff as a mechanic for over three years. Plaintiff contends that Defendant improperly classified Plaintiff's position as exempt from the FLSA overtime premium and thereby failed to pay Plaintiff overtime for his work hours over 40 in each workweek as required by the FLSA.

2. In light of Defendant's misclassification of his job position, Plaintiff seeks unpaid wages going back the statutory maximum of three (3) years, liquidated damages, attorney fees, and all other relief permitted.

Original Complaint - 1

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

4. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendant is subject to personal jurisdiction in Texas.

## PARTIES

5. Plaintiff James Sharpton is an individual residing in Amarillo, Texas. Plaintiff was employed at Krause Landscape from approximately February 2, 2011 to August 2016.

6. At all times during the term of Plaintiff's employment Defendant, Plaintiff was Defendant's "employee" within the meaning of the FLSA 29 U.S.C. § 203(e).

7. At all times relevant to this action, Defendant was engaged in interstate commerce because through its employees Defendant handled, used or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

8. Defendant is a "for-profit" corporation incorporated in the State of Texas with its principle place of business located in Amarillo, Texas.

9. Defendant, at all relevant times, was an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). In particular, Defendant paid Plaintiff with checks from Krause Landscape. Plaintiff also received W-2 forms from Krause Landscape. Defendant has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) has or had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods

or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

## FACTUAL ALLEGATIONS

10. During the past three years, Defendant paid Plaintiff a salary for all hours worked.

11. Plaintiff worked for Defendant as a mechanic.

12. During the last three years, Plaintiff regularly worked in excess of forty hours in workweeks.

13. Specifically, during the last three years Plaintiff worked a minimum of 50 hours per workweek and upwards of 75 hours in certain workweeks.

14. Defendant failed to pay Plaintiff one-and-one-half time his regular rate of pay for each hour worked over forty in a workweek.

15. Specifically, Defendant paid Plaintiff a fixed salary which did not take into account one and one-half times his regular rate for each hour worked over forty in a workweek.

16. Defendant's misclassification constitutes a violation of the FLSA and resulted in Plaintiff sustaining a loss of wages due.

17. Defendant misclassification constitutes a willful violation of the FLSA for purposes of limitations and remedies recoverable. Specifically, Defendant as the employer bears the legal burden of establishing whether an exemption applies to a specific employee. This burden includes the duty to review applicable legal standards and guidance which are applied narrowly. Consequently, Defendant's misclassification was either performed without proper review or with intentional disregard with application legal standards and guidance.

18. All conditions precedent to the fling of this suit have been satisfied.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff demands:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty which is an amount in excess of $35,000.00.

2. Judgment against Defendant that its violation of the FLSA was willful;

3. An equal amount to the wage damages as liquidated damages;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5. All costs incurred and reasonable attorney's fees for prosecuting these claims;

6. For such further relief as the Court deems just and equitable.

Respectfully submitted,

**MULLIN HOARD & BROWN, LLP**

  /s/ Shawn D. Twing
Shawn D. Twing
Texas Bar No. 00798008
Elizabeth A. Chermel
Texas Bar No. 24074026
500 South Taylor, Suite 800
Amarillo, Texas 79101
(806) 372-5050 Telephone
(806) 372-5086 Facsimile
stwing@mhba.com
bchermel@mhba.com

01315289